**W. T. SWINFORD, Plaintiff in Error,**

**v.**

**Elizabeth SWINFORD, Defendant in Error.**

**No. 37338.**

Supreme Court of Oklahoma.

Dec. 26, 1956.

Wm. T. Powell, Walters, for plaintiff in error.

Walter Hubbell, Luther B. Eubanks, Walters, for defendant in error.

PER CURIAM.

This action was brought by the defendant in error for a divorce and related relief. After trial, the court rendered judgment granting the divorce, and this part of the judgment is not challenged in this appeal. In addition to the divorce, the court decreed that custody of the parties' four minor children should be granted to the defendant in error, to whom plaintiff in error was ordered to pay $60 per month for their support, until further order of the court. The property of the parties, both real and personal, was also disposed of by the decree. It is from these portions of the judgment that the plaintiff in error appeals.

Since there is no longer any controversy concerning the granting of the divorce, we will not relate the evidence supporting that action. It is sufficient to note that the divorce was granted on the basis of the "extreme cruelty" of the plaintiff in error.

During the parties' married life of some twenty years, they became the parents of five children, four of whom are still minors. These children range in age from 18 to 10 years. At the time of trial, the parties owned a farm, an automobile, a pick-up truck, several items of farm machinery, some 13 head of cattle with a few other farm animals, and their household furniture. Title to the farm was in the husband and wife as joint tenants. The husband was working for a railroad company, on a section gang, earning over $215 per month. It appeared that the family had formerly lived in town, but that when the husband was injured on the railroad, they

had traded their town home for the farm implements and stock, and had bought the farm with money received as compensation for the husband's injury. When the plaintiff in error recovered sufficiently from his injury, he had returned to work on the section gang and was working at the time of trial. All of the property owned by the family had been acquired since the marriage of the parties.

The trial court decreed that the farm should be owned by the husband and wife as tenants in common; that the wife should have the possession and rents and profits of the farm during the minority of the children; that the wife should have the personal property and pick-up truck; and that the husband should have the automobile. In addition to its order of periodic child support payments, the court required the husband to make the payments on the mortgage and pay the taxes on the farm until the children reached majority, as well as to pay the defendant in error's attorney fee and the costs of the action.

It is the plaintiff in error's contention, unsupported by the citation of any authority, that, in view of his physical disability resulting from the injury, the division of the property is not supported by the evidence. He particularly insists that the farm should have been awarded to him inasmuch as it was purchased with the compensation for his injury.

Insofar as any physical disability of the plaintiff in error is concerned, it seems a sufficient answer to point out that at the time of trial he was employed and earning a substantial wage at the same job he had held prior to his accident. In any event, a disability does not cancel the husband's and father's duty to his family even though it might reduce the extent of his liability in relation to his altered circumstances.

The plaintiff in error placed the following value on the personal property: automobile, $200; pick-up truck, $150; farm machinery, $350–400. No one appears to have testified concerning the value of the livestock owned by the parties. It can be seen from the value of this property that it, together with the use of this farm (having only 55 acres of crop land) and the monthly payments, will be little enough to provide for the health, education, and welfare of these children. If, in the future, the financial circumstances of the plaintiff in error change due to his injury, he can always seek the modification of the monthly support order.

Likewise, we are not persuaded that the division of the real estate to the parties as tenants in common was unjustified. The fact that the farm was acquired with the funds paid the plaintiff in error as compensation for his injury is not controlling. Where the divorce is granted for the fault of the husband, it is the court's duty to make an equitable division of the property jointly acquired; and it may, in addition, allow the wife alimony out of the separate property of the husband. Here, the court made a careful effort to protect the welfare of the children and the wife, who were not at fault, as well as to protect the financial resources of the husband with due regard to his duty and his needs. We find no error in the court's decree.

The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease, and approved by J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.